**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora
Brian Powers
Nicholas J. Bebirian

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                    Chapter 7

      ATLANTIC 111ST LLC,                    Case No.: 19-73137 (REG)

              Debtor.
----------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., AS CHAPTER 7
TRUSTEE OF ATLANTIC 111ST LLC,

              Plaintiff,

          -against-                              Adv. Pro. No. 20-08251 (REG)

RICHI RICH PALACE NY INC. d/b/a RICHIE
RICH RESTAURANT and JARNAIL SINGH,

              Defendants.
----------------------------------------------------------------x

## DECLARATION IN SUPPORT OF TRUSTEE'S
## MOTION FOR HEARING ON SHORTENED NOTICE TO CONSIDER
## ENTRY OF ORDER ENJOINING DEFENDANTS FROM ENTERING UPON
## THE DEBTOR'S REAL PROPERTY AND/OR EXERCISING ANY CONTROL OVER
## PERSONAL PROPERTY OF THE DEBTOR'S ESTATE CONTAINED THEREIN

      Kenneth P. Silverman, Esq., pursuant to 28 U.S.C. §1746, declares under penalty of perjury

as follows:

      1.      I am member of SilvermanAcampora LLP, which maintains offices at 100 Jericho

Quadrangle, Suite 300, Jericho New York 11753. I am the chapter 7 trustee (the "Trustee") of the

bankruptcy estate of Atlantic 111st LLC, the above-captioned debtor (the "Debtor"). I am duly

admitted to practice before this Court and the courts of the State of New York.

NBEBIRIAN/2615774.4/010000.1654

2.     I submit this Declaration in support of my motion (the "Motion") pursuant to section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Section 65 of the Federal Rules of Civil Procedure ("FRCP") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking a preliminary injunction enjoining and restraining defendants Richi Rich Palace NY Inc. d/b/a Richie Rich Restaurant ("Richie Rich") and Jarnail Singh ("Singh" and, together with Richie Rich, "Defendants") in the above captioned adversary proceeding (the "Adversary Proceeding"), from entering Debtor's real property known as 110-19 Atlantic Avenue, Richmond Hill, New York (the "Real Property") and/or exercising any control over the Real Property or any personal property of the Debtor's estate contained therein.

3.     From a review of the Court's docket and the file maintained by my office, I have personal knowledge of the facts set forth herein and, if called to testify, I could and would testify in a manner consistent with this Declaration.

## PROCEDURAL BACKGROUND

4.     On April 18, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

5.     On November 18, 2020, the Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7.

6.     On November 18, 2020, the Office of the United States Trustee filed the Notice of Appointment of Kenneth P. Silverman as interim Chapter 7 Trustee.

7.     On December 18, 2020, the initial Bankruptcy Code §341 meeting was held and I was duly qualified as the permanent trustee and am currently acting in that capacity.

8.      As the chapter 7 trustee of the Debtor's estate, I have the capacity to commence the underlying adversary proceeding and bring the present Motion pursuant to Bankruptcy Code §323 and Bankruptcy Rule 6009.

## FACTUAL BACKGROUND

9.      As set forth in the adversary complaint (the "Complaint"), at all times relevant, Richie Rich was, and is, a corporation organized pursuant to the laws of the State of New York with a principal place of business at 110-19 Atlantic Avenue, Richmond Hill, New York, New York.

10.     On the Petition Date, Singh executed the Debtor's bankruptcy petition as President of the Debtor.  Moreover, in numerous filings with this Court, the Debtor and Singh have stated that Singh is the sole member of the Debtor. On May 1, 2018, as part of Richie Rich's motion to dismiss the First L&T Action (defined below), Singh executed the affidavit annexed hereto as Exhibit 1 (the "Singh Affidavit").  Paragraph 1 of the Singh Affidavit states that Singh is a principal of Richie Rich.  Accordingly, Singh is a principal of both the Debtor and Richie Rich.

11.     As set forth below, the Singh Affidavit states that no landlord/tenant relationship exists or had ever existed between Richie Rich and the Debtor. Subsequently, upon the filing of the Debtor's bankruptcy case, Singh (on behalf of both Richie Rich and the Debtor) produced a lease for the Real Property between the Debtor and Richie Rich, which purports to have been executed in December 2013 for a twenty (20) year term (the "Lease").

12.     Throughout the Debtor's bankruptcy case, and specifically in five (5) iterations of a disclosure statement executed by Singh, the Debtor maintains that the Lease is in effect. As alleged in the Complaint, the Debtor has never collected rent or use and occupancy fees from Richie Rich, whether pursuant to the Lease or otherwise.

The Foreclosure Proceeding

13.    Prior to the Petition Date, the Debtor's lender, MLF3 Atlantic LLC (the "Lender"), commenced a foreclosure proceeding in the New York State Supreme Court, Queens County (the "Supreme Court"), Index No. 713435/2015 (the "Foreclosure Proceeding").

14.    As part of the Foreclosure Proceeding, the Lender requested that the State Court appoint a receiver for the Real Property.    Accordingly, the Supreme Court appointed Nicole Katsorhis, Esq. (the "Receiver") as receiver of the Real Property.

15.    On or about February 27, 2019, the Supreme Court entered a judgment of foreclosure in favor of the Lender in the Foreclosure Proceeding.

16.    Due to the filing of the Debtor's bankruptcy case, the Foreclosure Proceeding and the sale of the Real Property have been stayed.The L&T Actions

17.    During the pendency of the Foreclosure Proceeding, the Receiver commenced two actions in the Civil Court for the City of New York, Landlord Tenant Part, Index Nos. L&T 53951/2018 (the "First L&T Action") and L&T 52740/2019 (the "Second L&T Action" and, together with the First L&T Action, the "L&T Actions"), respectively.    In the L&T Actions, the Receiver sought to evict Richie Rich from the premises due to, among other things, non-payment of use and occupancy and/or rent.

18.    Richie Rich moved to dismiss the First L&T Action, primarily based upon the sworn testimony of Singh in the Singh affidavit.    In the Singh Affidavit, Singh swore that:

    a.    "At all times relevant, none of the occupants of the [Real] Property has had a month-to-month agreement or lease" (Singh Affidavit, ¶4);

    b.    "Atlantic 111st LLC has had a long-term understanding that it will permit Richie Rich to operate on the property without a lease" (Singh Affidavit, ¶5);

    c.    "There are no tenants occupying the [Real] Property" (Singh Affidavit, ¶7);

NBEBIRIAN/2615774.4/010000.1654

d.   "There are no leasees [sic]" (Singh Affidavit, ¶9);

e.   "No rent has been collected" (Singh Affidavit, ¶10); and

f.   "Quite simply there is no landlord/tenant relationship or any such other relationship that would bring the respondent without [sic] the limited subject matter jurisdiction of the court." (Singh Affidavit, ¶15).

19.    Based upon the representations made in the Singh Affidavit, the court dismissed the First L&T Action.

20.    As part of the Second L&T Action, and in connection with their collective attempts to settle with the Lender and avoid the sale of the Real Property, Defendants (along with counsel to Richie Rich) executed the Stipulation of Settlement annexed hereto as <u>Exhibit 2</u> (the "<u>L&T Stipulation</u>").

21.    Pursuant to the L&T Stipulation, Defendants agreed, among other things, that they would vacate the premises on or before November 27, 2020.[1]  Further, the L&T Stipulation provides that any personal property of Defendants remaining at the premises after November 27, 2020 shall be deemed abandoned by Defendants.

22.    Accordingly, as of the date hereof no party, including Defendants, has a right to occupy the Real Property.

---

[1] The L&T Stipulation provides for November 27, 2020 as the outside date for Defendants to vacate, and also provides for the potential of certain events to cause this requirement to have been accelerated.

My Investigation

23.     Since my appointment, my professionals and I have investigated the pre- and post-petition financial affairs of the Debtor, including analyzing the Debtor's bank statements and the chapter 11 operating reports filed by the Debtor prior to the conversion of this case.

24.     In connection with my investigation, I have also requested certain standard documents from the Debtor and Richie Rich, including the Debtor's tax returns and information relating to the taxes and insurance for the Real Property.  Counsel to the Debtor and counsel to Singh have provided certain information, but substantial documentation has not been provided. Importantly, my analysis of the documents provided reveals that the Debtor may not currently have property insurance covering the Real Property.

25.     My investigation has also revealed that Singh has never collected use and occupancy charges from Richie Rich (or rent, despite Singh, through the Debtor and Richie Rich, now asserting that Richie Rich has a valid Lease).

26.     In fact, upon information and belief, both pre- and post-petition Singh has used his control over both the Debtor and Richie Rich to direct the proceeds of Richie Rich's operations directly to himself in an effort to divert the funds from the Debtor's creditors.

27.     Based upon the Debtor's chapter 11 operating reports, instead of directing Richie Rich to pay use and occupancy to the Debtor (or rent pursuant to the alleged Lease), Singh instead would make "capital contributions" to the Debtor to cover any necessary expenses of the Debtor.

Likelihood of Success on the Merits

28.     Upon my appointment, I was charged with the duty to marshal and preserve the Debtor's assets for the benefit of creditors.  In order to effectively carry out his duties, including to prepare the Real Property for a sale, it is necessary for me to secure the Real Property.

29.     As set forth herein, no party, including Singh either personally or through Richie Rich, has a right to occupy the Real Property.  Accordingly, Defendants have violated and continue to violate the automatic stay imposed under Bankruptcy Code §362 by continuing to exercise control over property of the Debtor's estate.

30.     Based upon the foregoing, and all of the facts and circumstances of the Debtor's case, I have established a likelihood of success on the merits of the underlying adversary proceeding.

Irreparable Harm

31.     Defendants' scheming has permitted them to continue operations of the catering facility[2] at the Real Property throughout the Debtor's bankruptcy case.  However, each day on which Defendants continue to operate the kitchen at the Real Property creates a substantial risk of immediate and irreparable injury, loss, or damage to the Debtor's estate.

32.     Importantly, as set forth above, the documents provided to me by Singh indicate that neither the Debtor nor Richie Rich maintains a property insurance policy covering the Real Property. Thus, any accidental fire or other incident could substantially damage the value of the Real Property, and the Debtor's estate would have no ability to recoup the loss from insurance. Moreover, any judgment against Richie Rich, a catering company with little to no assets, is likely uncollectable and could not compensate the estate for its losses.

---

[2] I have been told by the Debtor's counsel and counsel to Singh that Richie Rich is currently operating a "prep station" for take-out at the Real Property and is taking reservations for future events but is not currently hosting catered events. My proposed auctioneer entered the Real Property during non-operating hours and observed that the kitchen appeared to have been recently used. However, I have been unable to independently verify the current operations of Richie Rich.

33.     As a result, Defendants must be immediately enjoined from entering the Real Property and I must be authorized to secure the Real Property, pursuant to my duties as Trustee of the Debtor's estate, by changing the locks to the Real Property until the resolution of the Adversary Proceeding filed simultaneously herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Jericho, New York on December 22, 2020.


_s/ Kenneth P. Silverman_
Kenneth P. Silverman