**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.,
 the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Brian Powers
Nicholas J. Bebirian

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                          Chapter 7

    ATLANTIC 111ST LLC,                                      Case No.: 19-73137 (REG)

               Debtor.
-----------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., AS CHAPTER 7
TRUSTEE OF ATLANTIC 111ST LLC,

               Plaintiff,
                                                                     Adv. Pro. No. 20-08251 (REG)

    -against-

RICHI RICH PALACE NY INC. d/b/a RICHIE
RICH RESTAURANT and JARNAIL SINGH,

               Defendants.
-----------------------------------------------------------------x

**TRUSTEE'S REPLY IN FURTHER
SUPPORT OF MOTION FOR AN ORDER UNDER FEDERAL
RULE OF BANKRUPTCY PROCEDURE 7055 (I) GRANTING PLAINTIFF'S
MOTION FOR DEFAULT AND (II) DIRECTING THE CLERK OF THE COURT
TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS RICHI RICH
<u>PALACE NY INC. D/B/A RICHIE RICH RESTAURANT AND JARNAIL SINGH</u>**

       Kenneth P. Silverman, Esq., the chapter 7 trustee (the "<u>Trustee</u>") of the bankruptcy estate

of Atlantic 111st LLC (the "<u>Debtor</u>") and the plaintiff in the above-captioned adversary proceeding

(the "<u>Adversary Proceeding</u>"), hereby submits this reply in further support of his motion (the

"<u>Motion</u>")[1] seeking: (i) an order pursuant to Rule 7055 of the Federal Rules of Bankruptcy

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

1

Procedure (the "Bankruptcy Rule(s)") granting Plaintiff's motion for default judgment; and (ii) entry of a judgment under Bankruptcy Rule 7055 against defendants Richi Rich Palace NY Inc., d/b/a Richie Rich Restaurant and Jarnail Singh (the "Defendants") for Defendants' failure to answer or otherwise respond to Plaintiff's complaint, and in response to Defendants' *Affirmation in Opposition in* [sic] *motion to the* [sic] *Default Judgment* (ECF Doc. No. 15) (the "Opposition"), and respectfully sets forth as follows:

1. As set forth in the Motion, Defendants failed to timely answer the Complaint and failed to appear at the pre-trial conference scheduled in this matter. Accordingly, the Court noted Defendants' default on the record and directed the Trustee to make the Motion seeking a default judgment.[2] Now, Defendants have moved to dismiss the Complaint and filed the Opposition, which requests the Court to deny the Motion.

2. Although the Trustee welcomes the opportunity to resolve this matter on the merits, should the Court be so inclined, rather than obtain a judgment on default at this time, the Opposition raises numerous issues which need to be addressed at this time.

3. First, Mr. Dahiya was retained by the Debtor as its counsel, pursuant to an order of this Court dated June 11, 2019 (ECF Doc. No. 41), during the period in which this case was pending under chapter 11. Subsequently, during the Bankruptcy Code §341(a) meeting of creditors in this case as well as a hearing in this adversary proceeding, Mr. Dahiya stated that he had once again been retained to represent the Debtor in the main bankruptcy case.[3] Now, Mr. Dahiya has filed the Opposition on behalf of both Defendants, each of which are insiders of the

---

[2] Contrary to Defendants' argument in the Opposition, the Trustee properly followed the Court's procedures in making his motion for default judgment.

[3] Notably, Mr. Dahiya has not moved this Court to be retained in place of existing counsel to the Debtor, Pryor & Mandelup, LLP, which remains counsel of record to the Debtor at this time.

Debtor, and is apparently representing those parties. These multiple representations create an inherent conflict of interest, and Mr. Dahiya cannot be permitted to represent Defendants in this action.

4.  "Bankruptcy debtors are 'under a duty to disclose information [to] assist the Trustee in his efforts to recover assets of the estate.'" *Pergament v. Ladak*, No. CV 2011-2797 (ARR)(MDG), 2013 U.S. Dist. LEXIS 102824, at *23 (E.D.N.Y. July 23, 2013) (quoting *Allboro Waterproofing Corp. v. Allboro Building Maintenance*, 224 B.R. 286, 292 (E.D.N.Y. 1997)). "A law firm that represents a bankruptcy debtor as well as a potentially adversarial party in a civil proceeding also must possess 'undivided allegiance to the [adversary party] [which] per force compels an adversarial posture at odds with those statutory duties in the bankruptcy proceeding . . .'" *Id*. Allowing such representations to continue would result in an "ongoing, impermissible conflict." *Id.*; *see also Adams v. Cho (In re Cho)*, 2009 Bankr. LEXIS 2146 (Bankr. E.D.N.Y. Aug. 4, 2009) (noting existence of conflict of interest when attorney sought to represent both the debtor in the main case and insiders of the debtor in an adversary proceeding commenced by the chapter 7 trustee).

5.  Additionally, as Mr. Dahiya has raised previously in his stated role as Debtor's counsel, the Opposition argues that the Complaint is an attempt by the Trustee to sidestep the requirements of Bankruptcy Code §702 by attempting to "morph a regular unsecured debt to a disputed one." Opposition, pg. 1. This statement could not be further from the truth. In fact, Defendants' entire argument that Richie Rich is a creditor of the Debtor, a point for which Defendants have offered no evidence,[4] is entirely irrelevant because the votes of insiders are not

---

[4] This alleged debt was not scheduled by the Debtor and was never, to the Trustee's knowledge, raised by any party prior to the section 341(a) meeting in this case. Moreover, to date Richie Rich has not filed a proof of claim for this alleged debt, despite the passage of the bar date while this case was pending in chapter 11, or provided any documentation of the alleged debt to the Trustee or the Court.

permitted in connection with the election of a trustee.[5]

Dated: Jericho, New York
March 5, 2021

        **SILVERMANACAMPORA LLP**
        Counsel to Plaintiff Kenneth P. Silverman, Esq., as Chapter 7 Trustee of the Estate of Atlantic 111st LLC

By: _s/ Brian Powers_
      Brian Powers
      Member of the Firm
      100 Jericho Quadrangle, Suite 300
      Jericho, New York 11753
      (516) 479-6300

---

[5] Bankruptcy Code §702(a) specifically provides that "[a] creditor may vote for a candidate for trustee only if such creditor– . . . (3) *is not an insider*." (emphasis supplied).

4